UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

SADIANT, INC. AND SADIANT HEALTH, LLC,

    Plaintiffs,

        -v.-

PENSTOCK CONSULTING, LLC,

    Defendant.

Case No. 1:23-cv-07872-KPF

**PROTECTIVE ORDER**

---

KATHERINE POLK FAILLA, U.S.D.J.

    The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

    **ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

    1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the terms of this Order shall not disclose such "Confidential" or "Highly Confidential" Discovery Material to anyone else except as expressly permitted hereunder.

    2.    The person producing any given Discovery Material may designate as "Confidential" only such portion of such material as consists of:

a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, financials, balance sheets, and sale margins);

b. previously nondisclosed material relating to ownership or control of any non-public company;

c. previously nondisclosed business plans, product development information, research or technical information; or marketing plans;

d. any information of a personal and proprietary nature, or intimate nature regarding any individual, including but not limited to personal identity information, customer or client identities or financial information, identifiable contact information such as customer or client email addresses, and terms of individual contracts or offers made to individual customers or clients;

e. any trade secrets or other intellectual property of a confidential nature that the non-designating party has previously been given access to;

f. proprietary technical or commercial information that the non-designating party has previously been given access to; or

g. any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as "Highly Confidential – Attorneys' Eyes Only" only highly sensitive nonpublic commercial, proprietary, financial, business or personal information for which the "Confidential" designation is not

sufficient because disclosure of such material to another party in this action could result in a competitive or commercial disadvantage to the producing party, such as:

    a.    information related to communications or negotiations with potential customers, investors, partners, or acquirers, disclosure of which to another party in this action would be harmful to present or prospective business plans;

    b.    confidential material regarding acquisition offers or expressions of interest, proposed transactions or other business combinations, disclosure of which to another party in this action would be harmful to present or prospective business plans, negotiations or relationships;

    c.    any trade secrets or other intellectual property of a confidential nature that the non-designating party has not previously been given access to;

    d.    proprietary technical or commercial information that the non-designating party has not previously been given access to; or

    d.    any nonpublic information that, if disclosed to another party in this action, could damage an existing or potential business relationship.

4. With respect to the "Confidential" or "Highly Confidential" portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorney's Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and

exhibits, a producing person or that person's counsel may indicate on the record that a question calls for "Confidential" or "Highly Confidential – Attorney's Eyes Only information," in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorney's Eyes Only Information Government by Protective Order" by the reporter.

     5.     If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only," he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" under the terms of this Order.

     6.     No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" or "Highly Confidential – Attorney's Eyes Only" to any other person whomsoever, except to:

     a.     the parties to this action (except for Discovery Material marked "Highly Confidential – Attorney's Eyes Only");

     b.     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

     c.     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

     d.     any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit

        hereto (except for Discovery Material marked "Highly Confidential – Attorney's Eyes Only");

    e.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f.    stenographers engaged to transcribe depositions conducted in this action; and

    g.    the Court and its support personnel.

7.    All "Confidential" or "Highly Confidential – Attorney's Eyes Only" Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such "Confidential" or "Highly Confidential – Attorney's Eyes Only" Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the "Confidential" or "Highly Confidential – Attorney's Eyes Only" Discovery Material itself, and not text that in no material way reveals the "Confidential" or "Highly Confidential – Attorney's Eyes Only" Discovery Material.

8.    Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for

all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The Court also retains unfettered discretion whether to afford confidential treatment to any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Document or information contained in any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. This Protective Order does not bind the Court or any of its personnel. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with this Court's Individual Rules of Civil Procedure.

SO ORDERED:

Dated: _____September 17_____, 2024
      New York, New York

_____
The Honorable Katherine Polk Failla
United States District Judge

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| **FOLEY & LARDNER LLP** | **FRIEDMAN & FEIGER, L.L.P.** |
| */s/ Robert Weisbein* | */s/ Larry J. Friedman* |
| Robert Weisbein, Esq. | Larry J. Friedman, Esq. |
| 90 Park Avenue | *Admitted pro hac vice* |
| New York, New York 10016 | Jason H. Friedman, Esq. |
| Telephone: (212) 682-7474 | 17304 Preston Road, Suite 300 |
| Facsimile: (212) 687-2329 | Dallas, Texas 75252 |
| | Telephone: (972) 788-1400 |
| J. Michael Thomas, Esq. | Facsimile: (972) 788-2667 |
| *Admitted pro hac vice* | |
| Davis G. Mosmeyer III, Esq. | *Attorneys for Defendant* |
| *Admitted pro hac vice* | *Penstock Consulting, LLC* |
| 2100 McKinney Avenue, Suite 1600 | |
| Dallas, Texas 75248 | |
| Telephone: (214) 999-3000 | |
| Facsimile: (214) 999-4667 | |
| | |
| *Attorneys for Plaintiffs* | |
| *Sadiant, Inc. and Sadiant Health, LLC* | |