UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SADIANT, INC. and SADIANT HEALTH LLC,

                   Plaintiffs,                                              23-CV-7872 (JAV)

            -v-                                                        ORDER

PENSTOCK CONSULTING, LLC,

                   Defendant.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       Defendant has not responded to the letter motion to compel filed by Plaintiffs on February 21, 2025 (ECF No. 70). Defendant and Defendant's counsel are directed to file declarations by March 7, 2025, detailing the preservation efforts undertaken and what Defendant's counsel has done to comply with his own obligations with regard to discovery in this case. *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004); *see also DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 933-34 (N.D. Ill. 2021).

       Specifically, the declaration from a representative of Defendant shall set forth:

1) What date a litigation hold was issued in this manner, to whom this litigation hold was sent, and the date range and contents of the litigation hold;

2) What steps Defendant took to comply with the litigation hold, including steps to halt any automatic document destruction programs;

3) Whether Defendant retained a vendor to assist in its collection of responsive records, and if so, the name of such vendor;

4) The names and titles of the individuals within Penstock Consulting that oversaw Defendant's document collection efforts;

5) The names and titles of the custodians for whom ESI was preserved in response to the litigation hold;

6) The list of systems containing ESI not associated with individual custodians that Defendant determined should be preserved in response to the litigation hold;

7) Whether other data sources, such as social media, messaging apps, thumb drives, and cloud storage, were identified, preserved, and searched for responsive records;

8) The names and titles of the custodians whose data was searched for potentially responsive documents;

9) The non-custodial data systems that were searched for potentially responsive documents;

10) The search terms used to conduct searches for ESI;

11) The date ranges used to conduct searches for ESI;

12) The dates on which potentially responsive ESI was collected; and

13) The methodology by which any data collections were reviewed for responsiveness to Plaintiff.

The declaration from defense counsel shall set forth:

1) Whether defense counsel issued a litigation hold to his client, when that litigation hold was issued, to whom this litigation hold was sent, and the date range and scope of the litigation hold;

2) What affirmative steps defense counsel took to oversee compliance with the litigation hold;

3) What steps counsel took to become familiar with his client's document retention policies, and when those steps took place;

4) What steps counsel took to become familiar with his client's data retention architecture,

including whether he spoke with relevant information technology personnel, and when those steps took place;

5) What involvement defense counsel had in overseeing Defendant's efforts to locate and produce responsive records, including what steps defense counsel took to determine how and where relevant documents may be maintained; and

6) Defense counsel's involvement in reviewing or drafting search methodologies for responsive records.

The parties are also directed to appear for a discovery conference on **March 12, 2025**, at **2:30 p.m**. via Microsoft TEAMs, Meeting ID: 246 968 650 279, Passcode: S52dp9ZV.

SO ORDERED.

Dated: March 4, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge