UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SADIANT, INC. AND SADIANT HEALTH, LLC,

               Plaintiffs,

               -v-

PENSTOCK CONSULTING, LLC,

               Defendant.

Case No. 1:23-cv-07872-JAV

Hon. Jeannette A. Vargas

**ORDER AUTHORIZING BASHAM, RINGE, Y CORREA, S.C. TO REPRESENT PLAINTIFFS SADIANT, INC. AND SADIANT HEALTH, LLC IN CONNECTION WITH THE HAGUE CONVENTION PROCEEDINGS TO TAKE THE DEPOSITIONS OF BEN AYALA AND URIEL (ULISES) COTA HUERTA**

     The United States District Court for the Southern District of New York presents its compliments to the Mexico Ministry of Foreign Affairs, General Direction of Legal Affairs, Directorate for International Procedural Cooperation, and requests international assistance to be used in the civil proceedings before this Court in the above-captioned matter and without which justice cannot be completely done. In anticipation of trial, the parties are currently collecting evidence regarding the issues raised by their allegations and defenses.

     This Court requests the assistance described herein as necessary in the interests of justice under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") to which the United States and Mexico are parties.

     This Court previously issued letters of request (**attached hereto as Exhibit A and Exhibit B**) to perpetuate the taking of the depositions of Mexican nationals Ben Ayala and Uriel (Ulises) Cota Huerta. This Court understands that those letters of request were transmitted to the Ministry of Foreign Affairs for processing. Since this Court issued the letters of request, the plaintiffs in the

above-captioned matter—Sadiant, Inc. and Sadiant Health, LLC—engaged counsel in Mexico to assist in communicating with the Ministry of Foreign Affairs.

Sadiant requested this Court issue an order recognizing that the firm Basham, Ringe, y Correa, S.C. has been engaged by plaintiffs and is an authorized representative of the plaintiffs for purposes of the Hague Convention proceedings.

ACCORDINGLY, THIS COURT HEREBY AUTHORIZES THE FIRM BASHAM, RINGE, Y CORREA, S.C. TO REPRESENT PLAINTIFFS SADIANT, INC. AND SADIANT HEALTH, LLC IN CONNECTION WITH THE HAGUE CONVENTION PROCEEDINGS TO TAKE THE DEPOSITIONS OF BEN AYALA AND URIEL (ULISES) COTA HUERTA.

Dated:  March 5, 2025

_____
Hon. Jeannette A Vargas
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SADIANT, INC. AND SADIANT HEALTH, LLC,

    Plaintiffs,

        -against-

PENSTOCK CONSULTING, LLC,

    Defendant.

Case No. 1:23-cv-07872-KPF

Hon. Katherine Polk Failla

## LETTER OF REQUEST FOR JUDICIAL ASSISTANCE
## UNDER THE HAGUE EVIDENCE CONVENTION

The United States District Court for the Southern District of New York presents its compliments to the Mexico Ministry of Foreign Affairs, General Direction of Legal Affairs, Directorate for International Procedural Cooperation, and requests international assistance to be used in the civil proceedings before this Court in the above-captioned matter and without which justice cannot be completely done. In anticipation of trial, the parties are currently collecting evidence regarding the issues raised by their allegations and defenses.

This Court requests the assistance described herein as necessary in the interests of justice under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") to which the United States and Mexico are parties. The assistance requested is that the appropriate judicial authority order that testimony be taken regarding the topics described below from Mr. Ben Ayala.

The Courts of the United States are authorized to extend similar assistance to the courts of Mexico in like cases. The following request follows the form of the Model Letter of Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the

Taking of Evidence Abroad in Civil or Commercial Matters, which can be found at http://www.hcch.net/upload/actform20e.pdf.

1. <u>Sender</u>

    The Honorable Katherine Polk Failla
    United States District Court for the Southern District of New York
    Thurgood Marshall United States Courthouse
    40 Foley Square
    New York, NY 10007

2. <u>Central Authority of the Requested State</u>

    Secretaría de Relaciones Exteriores (Ministry of Foreign Affairs)
    Dirección General de Asuntos Jurídicos (General Direction of Legal Affairs)
    Dirección de Cooperación Procesal Internacional (Directorate for International Procedural Cooperation)
    Plaza Juárez #20, Piso 5
    Colonia Centro, Alcaldía Cuauhtémoc
    C.P. 06010 Ciudad de México, México

3. <u>Person to whom the executed request is to be returned</u>

    Ben Ayala
    Paseo Borbon 40-B
    Fraccionamiento Puerta Real 27015
    Torreón, Coahuila, Mexico

4. <u>Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request</u>

    The undersigned respectfully requests receipt of a response to this Letter of Request as soon as is practicable.

**In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:**

5. <u>Requesting and competent judicial authorities</u>

    a. *Requesting judicial authority (Article 3(a))*

The requesting judicial authority is the Honorable Katherine Polk Failla, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.

b. *To the competent authority of (Article 3(a))*

The competent judicial authority to whom this request is made is the Secretaría de Relaciones Exteriores, Dirección General de Asuntos Jurídicos, Dirección de Cooperación Procesal Internacional, Plaza Juárez #20, Piso 5, Colonia Centro, Alcaldía Cuauhtémoc C.P. 06010 Ciudad de México, México.

c. *Name of the case and any identifying number*

The name of this case is *Sadiant, Inc. and Sadiant Health, LLC v. Penstock Consulting, LLC*, Case No. 1:23-cv-07872-KPF (S.D.N.Y.).

6. Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3(b))

The above-entitled civil action was commenced in the United States District Court for the Southern District of New York on September 5, 2023. The names and addresses of the parties and their representatives are as follows:

a. *Plaintiffs and Representatives*

Plaintiffs Sadiant, Inc. and Sadiant Health, LLC, both with their principal place of business at 2833 Crockett Street, Suite 112, Fort Worth, Tarrant County, Texas 76107, are represented by the following attorneys:

| | |
|---|---|
| J. Michael Thomas<br>Davis G. Mosmeyer III<br>Foley & Lardner LLP<br>2021 McKinney Avenue, Suite 1600<br>Dallas, Texas 75201 | Robert S. Weisbein<br>Foley & Lardner LLP<br>90 Park Avenue<br>New York, NY 10016-1314 |

b. *Defendants and Representatives*

Defendant Penstock Consulting, LLC, with a principal place of business at 2905 Sundial Ln., Northlake, TX 76247, is represented by the following attorneys:

> Larry J. Friedman
> Richard Winn
> Jason H. Friedman
> Friedman & Feiger, L.L.P.
> 17304 Preston Road, Suite 300
> Dallas, Texas 75252

7. <u>Nature and purpose of the proceedings and summary of the facts</u>

   a. *Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3(c))*

This is a civil action for the declaration of rights under the Copyright Act (17 U.S.C. § 101, et. seq.) and violation of the Defend Trade Secrets Act (18 U.S.C. § 1836) and Computer Fraud and Abuse Act (18 U.S.C. § 1030) pending in the United States District Court for the Southern District of New York.

   b. *Summary of Sadiant's allegations*

Plaintiff Sadiant, Inc. ("Sadiant") alleges as follows:

Sadiant contracted with Defendant Penstock Consulting, LLC ("Penstock") to develop certain proprietary software to be used in Sadiant's healthcare staffing business. Sadiant subsequently hired Penstock's principal—Joseph Williams—to also be the Chief Technology Officer of Sadiant. During a May 2023 board meeting, Williams and Sadiant's Chief Financial Officer (Jon Kurth) attempted to remove Sadiant's Chief Executive Officer (Sarah Snetzer) from her position. Sadiant's shareholders voted to stop the attempted removal of Snetzer and, instead, removed Williams and Kurth from the board of directors.

Sadiant requested that Penstock turn over all work product Penstock created for Sadiant pursuant to their contract. Penstock refused. Making matters worse, Penstock locked Sadiant out of the cloud computing platform, which housed Sadiant's data and intellectual property. Sadiant's subsequent investigation also revealed that Penstock improperly accessed Sadiant email accounts, made copies of Sadiant's proprietary software, and deleted code documentation and notes. Finally, Williams represented in open court that he intended to register a copyright on Sadiant's code, which would be contrary to the parties' contract and copyright law.

Together, these acts constitute violations of the Defend Trade Secrets Act and Computer Fraud and Abuse Act. Further, Sadiant seeks a declaration of its copyright in the software it contracted with Penstock to develop.

    c. *Summary of Penstock's defenses*

Penstock generally denies Sadiant's allegations and has asserted various affirmative defenses contesting Sadiant's rights in the software.

8. <u>Evidence to be obtained and its purpose</u>

    a. *Evidence to be obtained or other judicial act to be performed (Article 3(d))*

Sadiant seeks testamentary information from Mr. Ayala regarding (1) Penstock's access and control of Sadiant's cloud computing platform, (2) Penstock's handling of Sadiant's proprietary software and related information, (3) Penstock's accessing of Sadiant email accounts, and (4) Penstock's invoicing practices. Mr. Ayala was an employee or contractor for Penstock during the period that Penstock was providing services for Sadiant and, therefore, possesses knowledge concerning the aforementioned topics.

    b. *Purpose of the evidence or judicial act sought*

The evidence sought from Mr. Ayala is indispensable to understanding Penstock's conduct and whether such conduct was unlawful.

9. <u>Identity and address of any person to be examined (Article 3(e))</u>

    Ben Ayala
    Paseo Borbon 40-B
    Fraccionamiento Puerta Real 27015
    Torreón, Coahuila, Mexico

10. <u>Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3(f))</u>

    Subject matter of examination:

    a. Mr. Ayala's involvement in Penstock's work developing Sadiant's proprietary software.
    b. Mr. Ayala's involvement in accessing Sadiant email accounts on behalf of Penstock.
    c. Mr. Ayala's involvement in making or retaining copies of Sadiant's proprietary software.
    d. Mr. Ayala's involvement in access, deleting, or modifying working notes and code documentation related to Sadiant's proprietary software.
    e. Mr. Ayala's involvement in modifying, controlling, or removing Sadiant's access to its cloud computing platform.
    f. Penstock's invoicing for work performed on behalf of Sadiant.
    g. Penstock's modification of the archiving protocol for versions of Sadiant's proprietary software.
    h. Penstock's altering or disabling of Sadiant's cybersecurity agents.

    Alternatively, if required, the questions to be put to Mr. Ayala will be attached at **<u>Exhibit A</u>**.

11. <u>Documents or other property to be inspected (Article 3(g))</u>

    Plaintiffs do not seek the pre-trial discovery of documents.

12. <u>Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3(h))</u>

The undersigned respectfully requests that the persons to be examined testify under oath or affirmation. In the event that the witness cannot be placed under oath, it is requested that he answer questions in a manner provided by local law for taking evidence.

13. <u>Special methods or procedures to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3(i) and 9)</u>

The undersigned respectfully requests that the person to be examined be summoned to attend at such time and place as the appropriate judicial authority shall appoint. Further, the undersigned respectfully requests that the examination be performed before a person competent to preside over the examination of witnesses and that counsel for the parties be permitted to participate and ask questions. The undersigned also respectfully requests that the testimony of the persons to be examined be transcribed verbatim in writing and that the examinees sign the statements after they have been recorded. In addition, the undersigned respectfully requests that a videographer be permitted to make a recording of the proceedings.

The undersigned understands that the examinations or depositions sought would normally be conducted in accordance with the laws and procedures of Mexico. Article 9 of the Hague Evidence Convention, however, provides that a request for a special mode of procedure will be followed unless it is incompatible with the laws of Mexico. The undersigned therefore requests that the examinations or depositions be conducted in accordance with the United States Federal Rules of Evidence and Federal Rules of Civil Procedure, which are the applicable Rules of this Court.

Should the appropriate judicial authority decline to apply the United States' rules or decline to allow the participation of counsel for the parties, the undersigned requests that the appropriate judicial authority question the persons to be examined orally and under oath in accordance with

the applicable local rules on the questions set forth in Exhibit A, and that the results of such examination be transcribed verbatim and the statements signed.

14. <u>Requests for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)</u>

Pursuant to Article 7 of the Hague Evidence Convention, the undersigned requests that the representatives of the parties be notified of the time and place for the execution of the Request. The identity and addresses of the parties' representatives can be found in No. 6 above.

15. <u>The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:</u>

Plaintiffs Sadiant, Inc. and Sadiant Health, LLC are prepared to reimburse the appropriate judicial authority for all fees and costs incurred in the execution of this request.

Dated:   August 9, 2024
         New York, New York

*Katherine Polk Failla*
_____
The Honorable Katherine Polk Failla
United States District Judge

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SADIANT, INC. AND SADIANT HEALTH, LLC,

    Plaintiffs,

        -against-

PENSTOCK CONSULTING, LLC,

    Defendant.

Case No. 1:23-cv-07872-KPF

Hon. Katherine Polk Failla

## LETTER OF REQUEST FOR JUDICIAL ASSISTANCE
## UNDER THE HAGUE EVIDENCE CONVENTION

    The United States District Court for the Southern District of New York presents its compliments to the Mexico Ministry of Foreign Affairs, General Direction of Legal Affairs, Directorate for International Procedural Cooperation, and requests international assistance to be used in the civil proceedings before this Court in the above-captioned matter and without which justice cannot be completely done. In anticipation of trial, the parties are currently collecting evidence regarding the issues raised by their allegations and defenses.

    This Court requests the assistance described herein as necessary in the interests of justice under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") to which the United States and Mexico are parties. The assistance requested is that the appropriate judicial authority order that testimony be taken regarding the topics described below from Mr. Uriel (Ulises) Cota Huerta.

    The Courts of the United States are authorized to extend similar assistance to the courts of Mexico in like cases. The following request follows the form of the Model Letter of Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the

Taking of Evidence Abroad in Civil or Commercial Matters, which can be found at http://www.hcch.net/upload/actform20e.pdf.

1. <u>Sender</u>

   The Honorable Katherine Polk Failla
   United States District Court for the Southern District of New York
   Thurgood Marshall United States Courthouse
   40 Foley Square
   New York, NY 10007

2. <u>Central Authority of the Requested State</u>

   Secretaría de Relaciones Exteriores (Ministry of Foreign Affairs)
   Dirección General de Asuntos Jurídicos (General Direction of Legal Affairs)
   Dirección de Cooperación Procesal Internacional (Directorate for International Procedural Cooperation)
   Plaza Juárez #20, Piso 5
   Colonia Centro, Alcaldía Cuauhtémoc
   C.P. 06010 Ciudad de México, México

3. <u>Person to whom the executed request is to be returned</u>

   Uriel Cota Huerta
   Av. del Desierto 457
   Nueva California 27089
   Torreón, Coahuila, Mexico

4. <u>Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request</u>

   The undersigned respectfully requests receipt of a response to this Letter of Request as soon as is practicable.

**In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:**

5. <u>Requesting and competent judicial authorities</u>

   a. *Requesting judicial authority (Article 3(a))*

The requesting judicial authority is the Honorable Katherine Polk Failla, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.

b. *To the competent authority of (Article 3(a))*

The competent judicial authority to whom this request is made is the Secretaría de Relaciones Exteriores, Dirección General de Asuntos Jurídicos, Dirección de Cooperación Procesal Internacional, Plaza Juárez #20, Piso 5, Colonia Centro, Alcaldía Cuauhtémoc C.P. 06010 Ciudad de México, México.

c. *Name of the case and any identifying number*

The name of this case is *Sadiant, Inc. and Sadiant Health, LLC v. Penstock Consulting, LLC*, Case No. 1:23-cv-07872-KPF (S.D.N.Y.).

6. Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3(b))

The above-entitled civil action was commenced in the United States District Court for the Southern District of New York on September 5, 2023. The names and addresses of the parties and their representatives are as follows:

a. *Plaintiffs and Representatives*

Plaintiffs Sadiant, Inc. and Sadiant Health, LLC, both with their principal place of business at 2833 Crockett Street, Suite 112, Fort Worth, Tarrant County, Texas 76107, are represented by the following attorneys:

J. Michael Thomas
Davis G. Mosmeyer III
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201

Robert S. Weisbein
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314

    b. *Defendants and Representatives*

Defendant Penstock Consulting, LLC, with a principal place of business at 2905 Sundial Ln., Northlake, TX 76247, is represented by the following attorneys:

> Larry J. Friedman
> Richard Winn
> Jason H. Friedman
> Friedman & Feiger, L.L.P.
> 17304 Preston Road, Suite 300
> Dallas, Texas 75252

7. <u>Nature and purpose of the proceedings and summary of the facts</u>

    a. *Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3(c))*

This is a civil action for the declaration of rights under the Copyright Act (17 U.S.C. § 101, et. seq.) and violation of the Defend Trade Secrets Act (18 U.S.C. § 1836) and Computer Fraud and Abuse Act (18 U.S.C. § 1030) pending in the United States District Court for the Southern District of New York.

    b. *Summary of Sadiant's allegations*

Plaintiff Sadiant, Inc. ("Sadiant") alleges as follows:

Sadiant contracted with Defendant Penstock Consulting, LLC ("Penstock") to develop certain proprietary software to be used in Sadiant's healthcare staffing business. Sadiant subsequently hired Penstock's principal—Joseph Williams—to also be the Chief Technology Officer of Sadiant. During a May 2023 board meeting, Williams and Sadiant's Chief Financial Officer (Jon Kurth) attempted to remove Sadiant's Chief Executive Officer (Sarah Snetzer) from her position. Sadiant's shareholders voted to stop the attempted removal of Snetzer and, instead, removed Williams and Kurth from the board of directors.

Sadiant requested that Penstock turn over all work product Penstock created for Sadiant pursuant to their contract. Penstock refused. Making matters worse, Penstock locked Sadiant out of the cloud computing platform, which housed Sadiant's data and intellectual property. Sadiant's subsequent investigation also revealed that Penstock improperly accessed Sadiant email accounts, made copies of Sadiant's proprietary software, and deleted code documentation and notes. Finally, Williams represented in open court that he intended to register a copyright on Sadiant's code, which would be contrary to the parties' contract and copyright law.

Together, these acts constitute violations of the Defend Trade Secrets Act and Computer Fraud and Abuse Act. Further, Sadiant seeks a declaration of its copyright in the software it contracted with Penstock to develop.

   c. *Summary of Penstock's defenses*

Penstock generally denies Sadiant's allegations and has asserted various affirmative defenses contesting Sadiant's rights in the software.

8. <u>Evidence to be obtained and its purpose</u>

   a. *Evidence to be obtained or other judicial act to be performed (Article 3(d))*

Sadiant seeks testamentary information from Mr. Cota Huerta regarding (1) Penstock's access and control of Sadiant's cloud computing platform, (2) Penstock's handling of Sadiant's proprietary software and related information, (3) Penstock's accessing of Sadiant email accounts, and (4) Penstock's invoicing practices. Mr. Cota Huerta was an employee or contractor for Penstock during the period that Penstock was providing services for Sadiant and, therefore, possesses knowledge concerning the aforementioned topics.

b. *Purpose of the evidence or judicial act sought*

The evidence sought from Mr. Cota Huerta is indispensable to understanding Penstock's conduct and whether such conduct was unlawful.

9. <u>Identity and address of any person to be examined (Article 3(e))</u>

   Uriel Cota Huerta
   Av. del Desierto 457
   Nueva California 27089
   Torreón, Coahuila, Mexico

10. <u>Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3(f))</u>

    Subject matter of examination:

    a. Mr. Cota Huerta's involvement in Penstock's work developing Sadiant's proprietary software.

    b. Mr. Cota Huerta's involvement in accessing Sadiant email accounts on behalf of Penstock.

    c. Mr. Cota Huerta's involvement in making or retaining copies of Sadiant's proprietary software.

    d. Mr. Cota Huerta's involvement in access, deleting, or modifying working notes and code documentation related to Sadiant's proprietary software.

    e. Mr. Cota Huerta's involvement in modifying, controlling, or removing Sadiant's access to its cloud computing platform.

    f. Penstock's invoicing for work performed on behalf of Sadiant.

    g. Penstock's modification of the archiving protocol for versions of Sadiant's proprietary software.

    h. Penstock's altering or disabling of Sadiant's cybersecurity agents.

    Alternatively, if required, the questions to be put to Mr. Cota Huerta will be attached at **<u>Exhibit A</u>**.

11. <u>Documents or other property to be inspected (Article 3(g))</u>

    Plaintiffs do not seek the pre-trial discovery of documents.

12. <u>Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3(h))</u>

The undersigned respectfully requests that the persons to be examined testify under oath or affirmation. In the event that the witness cannot be placed under oath, it is requested that he answer questions in a manner provided by local law for taking evidence.

13. <u>Special methods or procedures to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3(i) and 9)</u>

The undersigned respectfully requests that the person to be examined be summoned to attend at such time and place as the appropriate judicial authority shall appoint. Further, the undersigned respectfully requests that the examination be performed before a person competent to preside over the examination of witnesses and that counsel for the parties be permitted to participate and ask questions. The undersigned also respectfully requests that the testimony of the persons to be examined be transcribed verbatim in writing and that the examinees sign the statements after they have been recorded. In addition, the undersigned respectfully requests that a videographer be permitted to make a recording of the proceedings.

The undersigned understands that the examinations or depositions sought would normally be conducted in accordance with the laws and procedures of Mexico. Article 9 of the Hague Evidence Convention, however, provides that a request for a special mode of procedure will be followed unless it is incompatible with the laws of Mexico. The undersigned therefore requests that the examinations or depositions be conducted in accordance with the United States Federal Rules of Evidence and Federal Rules of Civil Procedure, which are the applicable Rules of this Court.

Should the appropriate judicial authority decline to apply the United States' rules or decline to allow the participation of counsel for the parties, the undersigned requests that the appropriate

judicial authority question the persons to be examined orally and under oath in accordance with the applicable local rules on the questions set forth in Exhibit A, and that the results of such examination be transcribed verbatim and the statements signed.

14. **Requests for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

Pursuant to Article 7 of the Hague Evidence Convention, the undersigned requests that the representatives of the parties be notified of the time and place for the execution of the Request. The identity and addresses of the parties' representatives can be found in No. 6 above.

15. **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

Plaintiffs Sadiant, Inc. and Sadiant Health, LLC are prepared to reimburse the appropriate judicial authority for all fees and costs incurred in the execution of this request.

Dated: August 9, 2024
New York, New York

*Katherine Polk Failla*
_____
The Honorable Katherine Polk Failla
United States District Judge